Ralph E. Lum v. Commissioner.
Lum v. Commissioner
Docket No. 880.
United States Tax Court
1944 Tax Ct. Memo LEXIS 353; 3 T.C.M. (CCH) 173; T.C.M. (RIA) 44054; February 26, 1944
*353 Ernest C. Lum, Esq., 605 Broad St., Newark, N.J., for the petitioner. Francis X. Gallagher, Esq., for the respondent. STERNHAGEN Memorandum Opinion STERNHAGEN, Judge: Three deficiencies in income tax were determined: $366.25 for 1939, $732.07 for 1940, and $1,345.66 for 1941; and the petitioner attacks the inclusion in his income for each year of the rent from his half interest as a tenant in common of property in Newark, New Jersey. He filed his income tax returns in the Fifth District of New Jersey. The facts are all stipulated, and it is unnecessary to make findings. [The Facts] The taxpayer and, first, his brother and, later, his niece owned, as tenants in common, the property at 985 Broad Street, Newark. They made three successive leases of the premises, each of which the taxpayer signed, and promptly after each lease the taxpayer executed and delivered to his wife an instrument assigning to her his rights under the lease. The first assignment expressly provided that it was limited to the rents and covered no other interest in the leased premises. No such limiting provision was contained in the later assignments, which assigned the taxpayer's rights "as landlord". The *354 taxpayer took deductions on his tax returns for half of the real estate taxes, repairs, insurance, water and depreciation charges on the premises. Since the taxpayer did not include in his gross income any part of the rent under the leases, the Commissioner did so as part of the basis for the deficiency. The case falls clearly under the doctrine that one does not escape income tax by an assignment of the right to future income from property when he retains the ownership of the property itself. Midwood Associates, Inc. v. Commissioner, 115 F. (2d) 871, 873. The doctrine is not made less applicable by saying that not the property owned by the taxpayer but the lease is the source of the income assigned. The income is derived from the property; the lease is the contract under which the income is fixed. Futhermore, the stipulation does nothing more than set forth that petitioner executed the instruments, and quotes their terms. It is not said that in fact petitioner did not receive his share of the rents or that they were collected by or transferred to the assignee. So far as the facts show, the assignments were lifeless papers. The petitioner continued *355 to pay his share of the property charges and expenses and he executed the successive leases in his own right. Nothing was signed or done as a recognition by either the lessor or the lessee of any rights of the assignee. We must hold that the execution by the petitioner of the instruments purporting to assign the rents to his wife does not operate to take the rents from his gross income for any of the years in question. Decision will be entered for the respondent.